

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3645 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Minister Reginald L. Price etc. Vs. United Postal Service, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Accordingly, we deny the petition to proceed in forma pauperis without prejudice, dismiss the claims against all defendants without prejudice and grant leave to refile within 60 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail A 450 form. | ED-7 FILED FOR DOCKETING 01 MAY 25 PM 3:40 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | MAY 29 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MINISTER REGINALD L. PRICE, )
D.D., Ph.D., etc., )
 )
        Plaintiff, )
 )
vs. ) No. 01 C 3645
 )
UNITED POSTAL SERVICE, et al., )
 )
        Defendants. )

MAY 29 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Price brings this action against defendants United States Postal Service, Department of Veterans Affairs, Disabled American Veterans, Leonard Harris, Brent Shapiro, Dan Howell, Pat Post and Randy Bunting. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the reasons set forth below, plaintiff's petition is denied and his complaint is dismissed, both without prejudice.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Plaintiff is currently unemployed and last worked in 1998, earning $15,000 from the Census Bureau. He appears to be receiving approximately $1,250 in disability benefits per month, $640 from social security and $609 from the Veterans Administration. He lists other assets totaling just under $3,000, and states that he receives some financial support from his parents. We do not know the extent of this support, or anything about his monthly expenses. Without this information, we cannot assess whether plaintiff is able to pay the $150 filing fee. His petition to proceed *in forma pauperis* is accordingly denied without prejudice, with leave to refile. If plaintiff so chooses, he must

submit a further affidavit of indigence including more details about his financial status.

Under 28 U.S.C. § 1915, we must also conduct an initial review of the plaintiff's claims and dismiss the action if we find that 1) the action is frivolous or malicious, 2) it fails to state a claim on which relief may be granted, or 3) petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint, although somewhat confusing, appears to allege the plaintiff was improperly denied disability benefits. We do not have subject matter jurisdiction over this claim. The Court of Veterans Appeals has exclusive jurisdiction to review Board of Veterans' Appeals decisions. 38 § U.S.C. 7252(a).

Second, the claim against the Postal Service appears frivolous. All the complaint states with respect to this defendant is that it misdelivered a single piece of mail. Plaintiff believes this demonstrates the Postal Service is somehow conspiring against him. The complaint states nothing to justify this contention, and misdelivered mail is not actionable. There is "no rational argument in law or fact to support his claim for relief." Jones v. Morris, 777 F.2d 1277, 1279 (7th Cir. 1985).

Lastly, plaintiff claims that Disabled American Veterans,[1] and five individual representatives, have wronged him in some way. It is not at all clear what each supposedly did, but the complaint appears to allege that they either failed to take promised actions on his behalf, lied to him about the status of his claim or abused a power-of-attorney granted by plaintiff. These arguably state a claim for professional negligence or breach of fiduciary duty. But these arise under state law, and there are no allegations of diversity or an amount in

---

[1] We are assuming for present purposes that this is a private organization. If it is in fact a government entity, that would raise sovereign and qualified immunity issues.

controversy. Because we are dismissing the claims against the U.S. government defendants, we cannot exercise supplemental jurisdiction over these claims. If plaintiff chooses to refile this claim, he must demonstrate that subject matter jurisdiction is appropriate. Moreover, although we construe *pro se* pleadings liberally, *see* <u>Donald v. Cook County Sheriff's Dep't</u>, 95 F.3d 548, 555 (1996), the complaint must still contain enough information to give defendants fair notice of the claims. Fed. R. Civ. P. 8(a)(2). We do not believe these defendants could discern the charges against them from this complaint. Similarly, we cannot determine whether the complaint satisfies 28 U.S.C. § 1915(e)(2)(B). We cannot tell if there is a legitimate claim here.

Accordingly, we deny the petition to proceed *in forma pauperis* without prejudice, dismiss the claims against all defendants without prejudice and grant leave to refile within 60 days.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 25, 2001.